The Honorable Monty Davenport State Representative
644 MC 4003 Yellville, Arkansas 72687-9340
Dear Representative Davenport:
You have requested by opinion about the fees associated with A.C.A. § 27-35-210(m). That subsection authorizes the Arkansas State Highway Commission to "issue special permits to towing businesses for the operation of wreckers or towing vehicles used as emergency vehicles under [A.C.A.] § 27-36-305(b)." Under subsection 27-35-210(m)(2), the fee to obtain such a special permit is $500. Paraphrasing your question, you ask:
 "Assume that a given towing business has more than one wrecker or towing vehicle. And, further, assume that the towing business pays $500 for the special permit under subsection 27-35-210(m)(1). Does that special permit (i) apply to every wrecker or towing vehicle in the towing business, or (ii) does it only apply to a single vehicle such that the towing business must pay $500 per vehicle?
RESPONSE
In my opinion, the language and cross-references contained in subsection 27-35-210(m) indicate that the General Assembly's intent was for a single special permit to apply to every wrecker in the towing business's fleet. Therefore, in my opinion, according to the statute, the towing business need only pay $500 to obtain the special permit, which then covers each of the business's wreckers. *Page 2 
DISCUSSION
Subsection 27-35-210(m) states:
 (m)(1) The State Highway Commission is authorized to issue special permits to towing businesses for the operation of wreckers or towing vehicles used as emergency vehicles under § 27-36-305(b) when the operation and movement of the vehicle or combination of vehicles exceed the maximum size and weight limitations imposed by law as provided under this subsection.
 (2) Notwithstanding any other provision of law to the contrary and upon application and payment of a permit fee not to exceed five hundred dollars ($500), the commission, through the Director of State Highways and Transportation, may issue a special permit valid for one (1) single trip or for a one-year-period that authorizes a towing business licensed under § 27-50-1203 to move at any time of day or night a vehicle that is disabled or wrecked when that movement [meets certain criteria].[1]
Your question is one of statutory interpretation. The goal of all statutory interpretation is to give effect to the legislature's intent. When the statute's language is unambiguous, we determine that intent from the ordinary meaning of the statute's wording. If possible, the statute is read so that no word is left superfluous or insignificant. But if the statute is ambiguous, we resort to the rules of statutory construction. Statutes are ambiguous if they are open to two or more plausible readings. When employing the rules of construction, we assess the statute's history, language, and subject matter.[2]
Subsection 27-35-210(m) is unambiguous so there is no need to resort to the rules of statutory construction. Both the language and the cross-references of this subsection indicate that the General Assembly intended a single "special permit" to apply to all wreckers in that towing business's fleet. The statute uses the term "a towing business" to describe the entity that receives the special permit. This entails that a business need only obtain — and only pay for — a single special permit, *Page 3 
regardless of how many wreckers. If the General Assembly intended for each individual wrecker to be the entity receiving the special permit, then the statute would likely have used the phrase "issue special permits to wreckers" instead of "issue special permits to towing businesses."
The cross-references in (m)(2) further support this conclusion.[3] Subsection (m)(2) indicates that the Commission "may issue a special permit . . . that authorizes atowing business licensed under § 27-50-1203 to move. . . ." (Emphasis added.) This provision indicates that, before any towing business is eligible for the special permit, it must be "licensed" by the Arkansas Towing and Recovery Board under section 27-50-1203. Therefore, whatever entity is eligible for the special permit must also be eligible for the "license" by the Board. Upon inquiry, it is my understanding that the Board licenses "towing business" — not individual wreckers.[4] Therefore, eligibility for the special permit applies to towing businesses.
In sum, two reasons incline me to opine that the General Assembly intended for a "towing business" to pay for a single permit that applies to its entire fleet. First, the text of the "special permit statute" — 27-35-210(m) — specifically refers to the entity receiving the permit as "a towing business." It never refers to a single wrecker or tow truck being the entity that pays for and/or receives the permit. The second reason arises from the cross-references to the Arkansas Towing and Recover Board's rules and regulations. If the Board has "licensed" "a towing business" under its rules and regulations, then the special permit statute indicates that the business is eligible to receive the special permit if the Commission exercises its discretion to issue them at all.
Therefore, the answer to your question is that the towing business may pay up to $500 for the special permit, which permit applies to each wrecker in that business's fleet, in my opinion. *Page 4 
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN MCDANIEL Attorney General
[1] A.C.A. § 27-35-210(m) (emphasis added).
[2] E.g. DaimlerChrysler Corp. v. Smelser,375 Ark. 216, 222, 289 S.W.3d 466, 472 (2008) (internal citations omitted).
[3] Obviously, there are two cross-references in subsection (m): A.C.A. §§ 27-36-305(b) and 27-50-1203. But the former reduces to the latter because subsection 27-36-305(b) cross-references itself to section 27-50-103: "In addition to amber flashing or rotating emergency or warning lights, wreckers or tow vehicles permitted or licensed under § 27-50-1203. . . ."
[4] It is my understanding that, in addition to the license, the Board also issues "permits" to individual wreckers certifying,inter alia, that the wrecker complies with the Board's equipment and safety regulations. But because subsection (m)(2) uses the term "license," we can restrict ourselves to the Board's licensing practices.
 *Page 1